**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4684

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SHARONE WHITE, a/k/a Junebug,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (3:08-cr-00392-RLW-2)

Submitted:  September 22, 2010      Decided:  September 30, 2010

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Amy L. Austin, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sharone White appeals his conviction and 70 month sentence for one count of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (2006), and one count of possession with intent to distribute heroin and aiding and abetting in violation of 21 U.S.C. § 841 (2006) and 18 U.S.C. § 2 (2006).

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and certified that she has identified no meritorious issues for appeal, with the exception of the claim that White's sentence was procedurally unreasonable because the district court did not offer an adequate explanation for the sentence. The Government has responded, and White has filed a pro se supplemental brief. For the reasons that follow, we affirm in part, vacate in part, and remand.

## I.   Batson Challenge

White first questions whether the district court erred in denying his (and his co-defendant, Antoine Robinson's[*]) second

---

[*] White and Robinson both appealed their convictions and sentences, and their appeals were initially consolidated. Because counsel for White has raised claims on appeal in both an Anders and traditional format, the appeals have been deconsolidated.

challenge made pursuant to Batson v. Kentucky, 476 U.S. 79 (1986). After the district court reinstated a juror pursuant to a Batson challenge, White sought to challenge an earlier strike that, at the time, had gone unchallenged. The Government argued the strike was proper because the potential juror was a social worker and might be more sympathetic to a criminal defendant.

The Equal Protection Clause prohibits the use of peremptory challenges based solely on race or gender. Batson, 476 U.S. at 86; J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127 (1994). Great deference is given to a district court's determination of whether a peremptory challenge was based on a discriminatory motive, and the court's ruling is reviewed for clear error. Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995). If, in response to a Batson challenge, the Government offers a race-neutral explanation for the strike, and the defendant does not argue the explanation was pretextual, we have held that the challenge is waived. See Davis v. Baltimore Gas & Elec. Co., 160 F.3d 1023, 1027 (4th Cir. 1998). Here, no such argument was raised, and we find the Batson claim was not preserved. In any event, after review of the record, we conclude that the district court did not clearly err in failing to reinstate the stricken member of the venire.

## II. Sufficiency of the Evidence

Counsel questions whether the evidence was sufficient to convict White of conspiracy to distribute and possess with intent to distribute heroin. We conclude it was.

"A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). We will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45. We do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. Id. at 245.

To prove conspiracy to distribute and to possess with intent to distribute a controlled substance, the government must establish "beyond a reasonable doubt that: '(1) an agreement' to distribute and 'possess [heroin] with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily

4

became a part of this conspiracy.'" United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir.) (quoting United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc)), cert. denied, 129 S. Ct. 137 (2008). Nonetheless, because a conspiracy is, "[b]y its very nature . . . clandestine and covert," proving its existence is often done through circumstantial evidence "and the context in which the circumstantial evidence is adduced." Burgos, 94 F.3d at 857. Accordingly, the government "need not prove that the defendant knew the particulars of the conspiracy or all of his coconspirators" or that his connection to the conspiracy was anything more than "slight." Id. at 858, 861. The "[c]ircumstantial evidence sufficient to support a conspiracy conviction need not exclude every reasonable hypothesis of innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt." Id. at 858.

We have reviewed the record, and find that the evidence against White, including a video and audio recording of White selling heroin to a confidential police informant, was more than sufficient to sustain the jury's verdict.

### III. Motion to Strike Expert Testimony

Counsel questions whether the district court erred in denying White's motion to strike Alcohol, Tobacco, and Firearms ("ATF") Agent Daniel Board's testimony, which referred to prior testimony given about the amount of currency found on White's person when he was arrested. Board referred to the $2700 in currency White possessed as indicative of proceeds from a drug distribution operation.

A district court's evidentiary rulings are entitled to substantial deference and will only be reversed for abuse of discretion. United States v. Benkahla, 530 F.3d 300, 309 (4th Cir. 2008), cert. denied, 129 S. Ct. 950 (2009). We will find that discretion to have been abused only when the district court acted arbitrarily or irrationally. Id.

The record reveals that the arresting officer had previously testified that White possessed a significant amount of currency when he was arrested. Although the officer did not specifically state that White possessed $2700, the officer did testify that White had "over $2000" when he was arrested. We conclude that the district court did not abuse its discretion by denying White's motion to strike.

IV. Firearms Enhancement

Counsel next questions whether the district court erred by applying a two-level increase to White's offense level for possession of a firearm. Though White was charged with firearm offenses, the jury was unable to reach a verdict on those charges.

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, the court must assess whether the district court properly calculated the guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States,

7

551 U.S. 338, 356 (2007)), petition for cert. filed, 78 U.S.L.W. 3764 (U.S. 2010) (No. 09-1512). Even if the sentence is procedurally reasonable, we must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), a district court must increase a defendant's offense level two levels if the defendant possessed a firearm during a drug offense. USSG § 2D1.1(b)(1). The enhancement is proper when "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted).

Whether the district court properly applied the enhancement under USSG § 2D1.1(b)(1) is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). Under a clear error standard of review, we will reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Harvey,

532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted).

Here, the record supports the application of the enhancement. The Government's informant testified that weapons were in the house where White and Robinson allegedly distributed narcotics. When police executed their search warrant on the house, they discovered four firearms and ammunition. The district court did not clearly err in determining that a sufficient link existed between these firearms and the drug conspiracy that Robinson and White allegedly furthered, and that the enhancement was proper.

V. Adequate Explanation of Sentence

Counsel for White raises one claim that she submits should be considered on its merits rather than reviewed under Anders. Counsel argues that, under Carter and Lynn, the district court did not provide an adequate statement of reasons for imposing the sentence it did on White. The Government has conceded this claim of error, and after reviewing the sentencing transcript, we concur that the district court did err, and White preserved that error for appellate review. Accordingly, we vacate White's sentence, and remand for a resentencing in light of Carter and Lynn.

9

## VI.  Pro Se Supplemental Brief

White has filed a pro se supplemental brief in this court.  He reiterates his attorney's claim that the district court did not provide an adequate explanation of his sentence and makes various claims of error under United States v. Booker, 543 U.S. 220 (2005).  For the reasons stated above, we agree that the district court should have provided a more detailed explanation for White's sentence, but find his Booker claim without merit.

Finally, in accordance with Anders, we have reviewed the record in this case and have found no additional meritorious issues for appeal.  We therefore affirm the district court's judgment with respect to White's conviction.  We vacate the judgment with respect to his sentence, and remand.  This court requires that counsel inform White, in writing, of the right to petition the Supreme Court of the United States for further review.  If White requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on White.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

10

before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>